Filed 7/16/25  P. v. Sheard CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B338675 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. NA058392-01 |
| SHAREEF SHEARD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Appeal dismissed.

Michael H. Casey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying Shareef Sheard's motion for resentencing under Penal Code[1] section 1172.1, subdivision (a)(1). Because we find the order is not appealable, we dismiss the appeal.

## BACKGROUND

On September 29, 2006, a jury found appellant Shareef Sheard guilty of attempted murder, assault with a firearm, and possession of a firearm by a felon. The jury also found true enhancements under sections 12022.7, subdivision (a), 12022.53, subdivision (d), and 12022.5, subdivision (a). The trial court imposed an aggregate sentence of 25 years to life plus nine years eight months in prison.

On April 19, 2024, assisted by private counsel, Sheard filed a motion for recall and resentencing pursuant to 1172.1, subd. (a)(1). He asked the trial court to recall and reduce his sentence based on his impressive rehabilitation efforts while incarcerated. He also alleged he was the victim of serious childhood trauma and of racial discrimination in the charging process.

On April 26, 2024, the trial court declined Sheard's invitation to recall and resentence. It found: "Petitioner was 29 years-old when he attempted to kill the victim. Although not premeditated, it was not the rash act of a juvenile and the victim clearly posed no danger to him. Plus, he knew that he was not allowed to possess a gun. Had the victim not received life-saving medical care, Petitioner would have been facing a murder charge.

---

[1]      Undesignated statutory references are to the Penal Code.

2

[¶] The [c]ourt is not persuaded by the 'mitigating' documents attached as Exhibit 3. Of the 25 certificates of vocational training, 9 of them were issued on March 3, 2011, 4 of them were issued on July 22, 2011, and 4 of them were issued on January 20, 2012, which leads the court to believe that they are duplicative. Similarly, 4 of the attached Chronos are duplicative, while the remainder simply document the receipt of the training certificates. It appears that Petitioner has not taken any vocational training since 2016 and he has not demonstrated remorse. Therefore, the court declines the invitation to resentence him pursuant to Penal Code section 1172.1, Senate Bill [No.] 620 and Assembly Bill [No.] 124. [¶] Although Petitioner need only show a prima facie basis for a violation of Penal Code section 745, he has not met his burden. Exhibit 4 is a 2020 report by the California Committee on the Revision of the Penal Code, which asserts that gun enhancements are one of the most common enhancements given to minorities in the State of California. Petitioner argues that since he is Black and the court imposed a gun enhancement, he is the victim of racial discrimination. However, simply imposing the gun enhancement does not trigger PC 745. Had the Legislature been persuaded by the report that gun allegations were a product of racial bias, it could have repealed the laws allowing courts to impose the allegation and ordered courts to resentence anyone who is serving a sentence for one. Since that is not the current state of the law, Petitioner must demonstrate other evidence that he is entitled to be resentenced pursuant to PC 745." Sheard timely appealed.

We appointed counsel to represent Sheard on appeal. On May 23, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told Sheard he could file his

3

own supplemental brief within 30 days and sent Sheard transcripts of the record on appeal as well as a copy of the brief.

On May 23, 2025, this court sent Sheard notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On June 10, 2025, Sheard filed a supplemental brief. He contends: 1) the trial court improperly imposed the upper term because it relied on facts not found true by a jury or judge and not stipulated to by the parties; 2) the trial court incorrectly thought Sheard was 29 years old when he committed the offenses of conviction when he was 25 years old, so he met the criteria of a youthful offender; 3) he was the victim of racial discrimination because he, as a black man, was sentenced more harshly than similar non-black offenders; and 4) the trial court mistakenly thought he had submitted duplicate documents as exhibits to his petition so it improperly discounted the mitigating significance of his resentencing package.

## DISCUSSION

I.    <u>**Section 1172.1, the Recall and Resentencing Statute**</u>

Section 1172.1 endows a trial court with authority to recall the sentences of incarcerated defendants and resentence them under certain circumstances. Like its predecessor provisions, section 1172.1 is a statutory exception to the general rule that " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629,

4

637–638, quoting *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)

Under section 1172.1, a trial court may recall and resentence "at any time" upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case. (§ 1172.1, subd. (a)(1).)  Until recently, the statute also provided that a trial court may recall and resentence "on its own motion" within 120 days of the date of commitment.  Effective January 1, 2024, the 120-day provision was expanded.  Now a trial court may recall a sentence and resentence a defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."  (*Ibid.*; Assem. Bill No. 600 (2023–2024 Reg. Sess.).)  Once a trial court decides to recall and resentence, it may either reduce the sentence by modification or vacate the conviction and impose judgment on "any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleadings."  (§ 1172.1, subd. (a)(3).)

Notably, section 1172.1, by its terms, denies a defendant the right to petition the court for recall and resentencing. (§ 1172.1, subd. (c) ["[a] defendant is not entitled to file a petition seeking relief from the court under this section," and "[i]f a defendant requests consideration for relief under this section, the court is not required to respond."].)  As to a right to appeal, the statute provides: "After ruling on a referral authorized by this

5

section, the court shall advise the defendant of their right to appeal." (*Id.*, subd. (d).)

## II. __The Right to Appeal Generally__

The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Criminal defendants are entitled to appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

## III. __The Definition of "Substantial Rights"__

Our Supreme Court has not provided "a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b)." (*People v. Loper* (2015) 60 Cal.4th 1155, 1161, fn. 3 (*Loper*).) But *Loper* did discuss how to approach formulating a definition. There, the court addressed the question whether a defendant has the right to appeal a trial court's denial of a request for compassionate release properly made by the Secretary of the Department of Corrections and Rehabilitation under section 1170, former subdivision (e). That statute is similar to section 1172.1 in that both statutes do not give defendants the right to make a request for relief themselves. For relief under section 1170, only the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings may make such a request. (§ 1170, former subd. (e).)

In deciding that the denial of a request for compassionate release affects substantial rights, our Supreme Court in *Loper* noted: "Although the defendant has no independent right to initiate compassionate release proceedings in the trial court, the Secretary [of the Department of Corrections and Rehabilitation]

6

evaluated defendant's medical condition and made a recommendation for compassionate release on his behalf. By providing a mechanism for releasing eligible prisoners from custody, section 1170[, former subdivision] (e) implicates a prisoner's substantial interest in personal liberty. Moreover, although section 1170[, former subdivision] (e) authorizes the trial court to exercise discretion whether to release a prisoner for compassionate reasons, the statute also establishes clear eligibility criteria (§ 1170[, former subd.] (e)(2)), suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria. These factors lead us to conclude the trial court's ruling clearly affected defendant's substantial rights for purposes of section 1237, subdivision (b)." (*Loper, supra*, 60 Cal.4th at p. 1161, fn. 3.)

We glean from this footnote that the combination of three factors dictates whether a defendant's substantial rights in personal liberty are implicated: 1) the Legislature sets up a mechanism for releasing eligible prisoners from custody; 2) that mechanism is used to get the issue of release from custody before the trial court; and 3) that mechanism includes a list of eligibility statutory criteria that must then be followed by the trial court in making its ruling, suggesting that the trial court's discretion is not unfettered. We also glean from the extended discussion in *Loper* on standing that whether or not the defendant has the express right to initiate the request for sentencing relief is immaterial to determining whether substantial rights are affected. (See *Loper, supra*, 60 Cal.4th at pp. 1161–1165 [defendant may appeal an adverse decision on a postjudgment motion or petition if it affects substantial rights, even if someone else brought the original motion].) Indeed, we find that it is use

of the mechanism set up by the Legislature, coupled with legislatively mandated factors to consider, that are determinative of whether substantial rights are affected by the statute.

Keeping these three factors in mind, we hold that section 1172.1 does not implicate a defendant's substantial rights where, as here, a defendant has personally filed a petition not authorized by statute. It is true that the Legislature created a mechanism for release, satisfying the first of the three criteria set out above. However, that mechanism, authorized for use by only designated entities or persons, was not followed in this case. Section 1172.1, subdivision (c) expressly provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." The statute also expressly provides that where an *authorized* request for relief is denied, a defendant must be advised of their appellate rights, inferring a right to appeal a properly authorized request. (§ 1172.1, subd. (d).

Here, Sheard filed an unauthorized request for relief to which the trial court was not obligated to respond. Thus, the second criterion—that the authorized mechanism be used to obtain the requested relief – has not been satisfied. This, we emphasize, has nothing to do with a standing analysis per se.

Neither has the third factor been met. We see nothing in section 1172.1 which describes the factors a trial court must consider in deciding whether to recall a sentence. The only factors set out are those that will support extending the time within which the trial court may recall and impose sentence. We conclude that section 1172.1, as created by the Legislature, does not implicate the substantial rights of defendants. Therefore,

8

orders denying requests for relief that do not properly invoke the mechanisms set out by the statute are not appealable.

We also adopt the analysis of our colleagues in Division 2 who concluded that orders denying requests for relief from defendants personally, as opposed to those from authorized third parties, are not appealable. (*People v. Hodge* (2024) 107 Cal.App.5th 985.) As Presiding Justice Lui wrote, "[T]he second sentence of section 1172.1, subdivision (c) does undermine any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing. That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendant may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant any right, much less a substantial one." (*Id.* at p. 996.) Under *Hodge*, where a statute expressly relieves the court of any obligation to adjudicate a request for relief filed by defendants personally, it follows that defendants do not have a substantial right in this particular pathway toward resentencing. (*Ibid;* see also *People v. Faustinos* (2025) 109 Cal.App.5th 687, 697 [order declining to act on defendant's unauthorized section 1172.1 petition not an appealable order].*)*

We add that our analysis does not change where, as here, the trial court issued an order explaining why it was declining to act on the request (instead of ignoring the request, as it was authorized to do). It is the Legislature's mechanism and the use

of that mechanism that is paramount in deciding whether substantial rights are affected, not the format of the trial court's order.

Because we find that the order declining to take any action on the section 1172.1 petition is not an appealable order, we do not address Sheard's the merits of his petition.

We decline Sheard's request that we conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



VIRAMONTES, J.




RUBIN, J.[*]

---

[*]     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.